WILLIAM SOLOMON ET AL., DEFENDANTS IN ERROR, v. WILLIAM STAIGER, PLAINTIFF IN ERROR.

Submitted December 11, 1900—Decided March 4, 1901.

Where fixtures have been constructively severed from the freehold, but their physical annexation is permitted by the purchaser of the realty and of the fixtures, to remain undisturbed, the execution, by such purchaser, of a subsequent conveyance of the realty, in which the fixtures are not referred to either by way of transfer or of reservation, is a constructive re-annexation of the fixtures to the freehold, and makes them a part thereof.

---

On error to the Atlantic Circuit Court.

For the plaintiff in error, *Henry W. Lewis* and *George A. Bourgeois.*

For the defendants in error, *William M. Clevenger.*

The opinion of the court was delivered by

GUMMERE, J.   This was an action of tort, brought by the defendants in error against Staiger, the plaintiff in error, to recover damages for an alleged trespass committed, as was claimed, by severing certain fixtures from the freehold of the defendants in error, known as the San Marcus Hotel, in Atlantic City, and appropriating them to his own use.

There was a verdict for the defendants in error (the plaintiffs below), and the judgment entered thereon is now brought here for review.

The following facts appear from the proofs:

On the 17th day of January, 1893, Isaac Solomon, who was then the owner of the San Marcus Hotel property, together with the furniture and fixtures contained therein, executed a deed of conveyance for the hotel premises and appurtenances to one Charles W. Edwards; and, on the same day, by a bill of sale, sold, assigned and transferred to said Edwards all the furniture, goods, chattels and *fixtures* in the hotel building.

On the same day Edwards and his wife, Ida C., executed a mortgage upon the hotel premises and appurtenances to Solomon to secure a part of the purchase-money.

On the 6th day of December, 1894, the said hotel premises and appurtenances, together with the furniture and fixtures in the hotel building, were sold by an auditor appointed in attachment proceedings instituted against the said Charles W. Edwards, by the Woodstown Bank, and were bought in by one John L. Allen.

On the 16th day of March, 1895, Edwards and his wife executed a deed of confirmation, conveying to him the said premises and appurtenances, and releasing, conveying and confirming to him all the furniture, fixtures, goods and chattels in the hotel building.

On the 20th day of September, 1895, Allen conveyed said premises and appurtenances to Ida C. Edwards, no mention being made of the fixtures in the deed, either by way of grant or of reservation.

On the 14th day of November, 1898, a sale was made of the hotel premises, with the appurtenances, by the sheriff of

Atlantic county, under a foreclosure of the purchase-money mortgage given by Edwards to Solomon, and the purchaser at said sale subsequently conveyed the said premises, with the appurtenances, to the defendants in error.

About ten days after the sheriff's sale Ida C. Edwards made a bill of sale to the plaintiff in error of the "furniture, fixtures and personal property" in the said hotel.

Up to this time there had been no actual severance of the fixtures from the freehold. Shortly after receiving his bill of sale, however, the plaintiff in error disconnected them from the building, and appropriated them to his own uses.

The question presented by the writ of error is this: Did the fixtures, which are the subject-matter of this litigation, pass to the purchaser at the sheriff's sale, under the foreclosure of the Solomon mortgage, as part and parcel of the realty, or did they pass as chattels to the plaintiff in error, under his bill of sale?

It is manifest that by the original conveyance of the hotel premises in 1893, by Solomon to Edwards, the fixtures in the hotel would have passed to the grantee, as a part of the realty, although not specifically mentioned in the deed, if a bill of sale transferring them had not been made between the parties at the same time. The contention, on the part of the plaintiff in error, is that the parties by transferring them as chattels, by the bill of sale, signified their intention that they should not pass by the deed of the lands, and, by construction, severed them from the freehold; and that, consequently, they were not embraced in the mortgage given, by Edwards to Solomon, to secure a part of the purchase-money of the hotel, and did not pass to the purchaser at the foreclosure sale.

Speaking for myself, I am unable to adopt the views that, by this bill of sale, a constructive severance of these fixtures took place. A severance by construction is altogther a question of intention; and the act of the vendee, and those claiming under him, in permitting these fixtures to remain annexed, in fact, to the freehold, in their original condition, from the time of their purchase, in 1893, until after the sheriff's sale, in 1898, negatives the idea of an intent to sever. But if

this is not so, and the intent to sever is to be presumed from the making of the bill of sale, it seems to me that the intent to re-annex is just as conclusively shown by the conduct of the vendee and his assigns in permitting the actual annexation of the fixtures to remain undisturbed during the period mentioned.

The case, however, may be disposed of without deciding the effect of the bill of sale in producing a constructive severance. Assuming that it did so, the effect of the deed of confirmation, given by Edwards and his wife, in March, 1895, to John L. Allen, the purchaser at the auditor's sale, was, as it seems to me, to re-annex, constructively, these chattels to the realty, and re-constitute them fixtures.    The fact that they are included in the same instrument by which the realty is conveyed, and are designated therein as "fixtures," is, I think, conclusive upon this point.

But if there is any doubt as to the effect of this deed, there can be none as to the effect of the deed made by Allen to Ida C. Edwards in September, 1895.    He was, at that time, the owner both of the hotel and the fixtures, and the latter were, in fact at least, annexed to the freehold.    By this conveyance he granted the lands, without making any mention of the fixtures, either by way of transfer or of reservation.    His grantee, consequently, took them as a part of the realty, and they thereby became, at once, subjected to the lien of the Solomon mortgage.    This being so, the subsequent action of Allen's grantee, in transferring the fixtures to the plaintiff in error, was inoperative, so far as it affected the rights of those claiming under the mortgage.    At that time all her right, title and interest therein had been divested by the sheriff's sale, under the foreclosure proceedings, and they had passed to the purchaser at that sale.

When the plaintiff in error dissevered these fixtures from the freehold, and appropriated them to his own use, the title of the purchaser at the sheriff's sale had passed to the defendants in error.    The action of the plaintiff in error, therefore, was an invasion of their rights, for which they are entitled to damages.

The judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.  14.

*For reversal*—None.